**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 04-4295**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THOMAS TYSINGER,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, District Judge. (CR-02-10135)

———————————

Submitted:  October 6, 2004       Decided:  November 15, 2004

———————————

Before LUTTIG, GREGORY, and DUNCAN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Charles L. Bledsoe, BLEDSOE LAW OFFICE, P.C., Big Stone Gap, Virginia, for Appellant. John L. Brownlee, United States Attorney, R. Lucas Hobbs, Assistant United States Attorney, Abingdon, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Thomas Tysinger was convicted pursuant to a written plea agreement of conspiracy to possess with intent to distribute and distribute in excess of 500 grams of powder cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (2000). He was sentenced to 120 months in prison. We affirm.

On appeal, Tysinger first argues that the district court erred in denying his motion to dismiss the indictment. We review the district court's ruling de novo. See United States v. Brandon, 298 F.3d 307, 310 (4th Cir. 2002). After thoroughly reviewing the record, we conclude that Tysinger was never promised, orally or otherwise, that he would not be prosecuted in the Western District of Virginia for his drug crimes if he cooperated with officials in Florida. Moreover, Tysinger does not assert that he was given statutory immunity by the Government. See 18 U.S.C.A. §§ 6001-6005 (West 2000 & Supp. 2004). Thus, we hold that the district court did not err in denying his motion to dismiss the indictment.

Next, Tysinger argues that the district court erred in not granting his motion for a downward departure based on substantial assistance and that the Government violated his rights by not filing such a motion. We find that this claim is also without merit. Tysinger does not contest that the written plea agreement he entered prohibited his right to file a motion for a downward departure. Moreover, we find that the plea agreement

expressly gave the Government sole discretion over whether to file such a motion and that Tysinger failed to show that the Government's decision not to file was based on an unconstitutional motive (such as race) or was not rationally related to a legitimate government end. United States v. Butler, 272 F.3d 683, 686-87 (4th Cir. 2001). In addition, the record reflects that, after authorities notified Tysinger that he needed to turn himself in because of charges pending in the Western District of Virginia, he fled for approximately three weeks, putting the Government through the time and expense of tracking him down and arresting him in the Midwest. Given these facts, we cannot conclude that there was no rational basis for the Government's decision not to file a downward departure motion on Tysinger's behalf.

For the forgoing reasons, we affirm the judgment of conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED